THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THOMAS ZABROCKY and WILLIAM HARLE, Appellants.

First Department, December 16, 1969.

*David N. Brainin* for Thomas Zabrocky, appellant

*Nathan Z. Dershowitz* of counsel (*Milton Adler,* attorney), for William Harle, appellant.

*Burton N. Lipshie* of counsel (*Michael R. Juviler* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

*Per Curiam.* The judgments of conviction should be unanimously affirmed.

We reach this conclusion despite the most irregular conduct of the Assistant District Attorney, which we must refer to lest it be concluded that it is condoned. Though the improprieties are not to be overlooked, they nevertheless did not affect any substantial right of the defendants. This is so because guilt was so overwhelmingly proved that it was not seriously contested. An additional factor will be pointed out below.

During the *voir dire* in the selection of the jury the trial assistant took every opportunity to interrupt defense counsel with remarks which we find to have had no other purpose than to instill prejudice against the defendants in the minds of the talesmen. These interjections culminated in a semantic debate

130

carried on through the medium of questions addressed to talesmen as to whether a plea of not guilty constituted a denial of any allegation in the indictment as distinct from putting it in issue. The admitted purpose of this maneuver was to focus attention on an implied prediction that the defendants would not take the witness stand.

The nature of the District Attorney's office, together with its functions and obligations, has so often been the subject of judicial comment that iteration is not called for. This callous disregard of rights which the office is pledged to protect is intolerable and in a case involving even a slight degree of doubt would mandate reversal. We must also mention that the record discloses the use of language by the same official which has no place in a courtroom and which we find particularly revolting. It is true that this occurred at a Bench conference out of the jury's hearing, but the very use of the expressions indicates a lack of appropriate respect not only for the court but for the judicial process that if allowed to pass unnoticed can only be demeaning.

We are confirmed in our view that the above-described enormities did not in this instance adversely affect the defendants by the action taken by their counsel. After the incidents arising on the jury selection above described had taken place, another incident arose to which the prosecutor took exception and moved for a mistrial. Defendants' counsel opposed the application. If they felt defendants' interests had been jeopardized, they could, by joining in the application, have obtained all the relief they were entitled to. The ability and experience of counsel precludes any other interpretation of their treatment of this incident than that they felt that what had gone before had not materially affected the defense.

EAGER, J. P., CAPOZZOLI, TILZER, NUNEZ and STEUER, JJ., concur.

Judgments uanimously affirmed.